UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOVATION VENTURES, LLC
d/b/a LIVING ESSENTIALS,

       Plaintiff,

vs.

CASE NO. 08-11867
HON. LAWRENCE P. ZATKOFF
MAG. DONALD A. SCHEER

N.V.E., INC.,

       Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 4, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter comes before the Court on a number of motions, all of which are related to each other. Defendant filed a sealed motion for summary judgment to cancel Plaintiff's 5 HOUR ENERGY Trademark Registration on the basis of fraud [dkt 36]. The parties fully briefed this motion, and Plaintiff filed an unopposed motion for leave to file surreply on motion for summary judgment [dkt 51], which the Court now GRANTS. On the same day that Defendant filed its sealed summary-judgment motion, Defendant filed a motion to unseal the sealed motion [dkt 37]. The parties fully briefed this motion.

Plaintiff, allegedly in response to Defendant's arguments in its summary-judgment motion, filed a motion to dismiss (voluntarily) Count I of its complaint with prejudice [dkt 42]. Defendant contests Plaintiff's motion, however, and the parties have fully briefed this motion as well.

In the alternative to its sealed motion for summary judgment, Defendant filed a motion to amend/correct amended answer to complaint [dkt 46]. The parties have fully briefed this motion. The Court finds that the facts and legal arguments are adequately presented in all of the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the reasons set forth below, Defendant's sealed motion for summary judgment to cancel Plaintiff's 5 HOUR ENERGY Trademark Registration on the basis of fraud [dkt 36] is DENIED; Defendant's motion to unseal the sealed motion is GRANTED; Plaintiff's motion to dismiss (voluntarily) Count I of its complaint with prejudice [dkt 42] is GRANTED; and Defendant's motion to amend/correct amended answer to complaint [dkt 46] is GRANTED.[1]

## II. BACKGROUND

Plaintiff is the owner of the 5 HOUR ENERGY trademark used in conjunction with the marketing and distributing of its 5 HOUR ENERGY shot, a two-ounce energy drink. Plaintiff alleges that Defendant has infringed Plaintiff's trademark by manufacturing and selling a product called 6 HOUR POWER, which Plaintiff maintains is confusingly similar to and/or a colorable imitation of Plaintiff's product. Plaintiff also alleges false designation of origin or sponsorship and false advertising. Plaintiff argues that its complaint is bolstered by the fact that Defendant switched its packaging from an "odd shaped bottle" to one that mimics Plaintiff's bottle.

Four days after Plaintiff filed its complaint, Defendant filed a suit against Plaintiff in the United States District Court for the District of New Jersey contending that Plaintiff violated the

---

[1] The Court also GRANTS Defendant's motion for attorney substitution [dkt 17], which was unopposed.

2

federal Anticybersquatting Consumer Protection Act, which arises under the Trademark Act.[2]
Plaintiff apparently registered the internet domain names "sixhourpower.com" and
"6hourpower.com" in an attempt to frustrate Defendant's attempts to market its product. Defendant
then filed another suit in the District of New Jersey, bringing other trademark-related claims. These
New Jersey cases were subsequently transferred to the Eastern District of Michigan but assigned to
Judge Borman and Judge Cox. Plaintiff's complaint against Defendant and Defendant's
counterclaims against Plaintiff are now consolidated before this Court.

### III.  DISCUSSION

**A.    SEALED MOTION FOR SUMMARY JUDGMENT TO CANCEL PLAINTIFF'S 5 HOUR ENERGY TRADEMARK REGISTRATION ON THE BASIS OF FRAUD [DKT 36]**

Defendant argues that Plaintiff fraudulently procured its trademark registration of the 5
HOUR ENERGY shot. Specifically, in Plaintiff's Trademark Registration No. 3,003,007, registered
on the Supplemental Register of the United States Patent and Trademark Office, Plaintiff swore
under oath that it used the 5 HOUR ENERGY trademark in commerce on Homeopathic
Supplements and Pharmaceutical Preparations. Defendant maintains that this representation is
not—and never has been—true. Because Defendant believes Plaintiff obtained its registration
fraudulently, Defendant requests that the Court cancel Plaintiff's Trademark Registration No.
3,003,007 for the mark 5 HOUR ENERGY and dismiss both of Plaintiff's counts against Defendant.

Plaintiff urges the Court to decline consideration of Defendant's motion because Defendant
did not plead fraud in its answer or affirmative defenses. Alternatively, if the Court entertains

---

[2] The Court issued Defendant an order to show cause with respect to its failure to list
companion cases on its complaints. Defendant timely responded, and the Court now
WITHDRAWS its Order to Show Cause [dkt 20].

Defendant's motion, Plaintiff argues that it should deny the motion because it is moot as to Count I in light of Plaintiff's subsequent voluntary dismissal of that count. Lastly, Plaintiff contends that the motion should be denied with respect to Count II because cancellation of the registration, even if the Court deemed it appropriate, would not affect Plaintiff's cause of action arising under 15 U.S.C. § 1125(a), which does not require marks to be registered for protection.

Fed. R. Civ. P. 8(c)(1) requires parties to "affirmatively state any avoidance or affirmative defense, including . . . fraud." Courts are split on the issue of whether an affirmative defense may be raised for the first time in a dispositive motion. In *Yonkers v. Otis Elevator Co.*, 649 F. Supp. 716, 726 n.14 (S.D.N.Y. 1986), *aff'd* 844 F.2d 42 (2d Cir. 1988), for example, the court determined that it may properly consider an affirmative defense despite the fact that the defendant had not formally amended its complaint to include it. In *Harris v. U.S. Dep't of Veteran Affairs*, 126 F.3d 339, 345 (D.C. Cir. 1997), however, the court determined that "Rule 8(c) means what it says: a party must first raise its affirmative defenses in a responsive pleading before it can raise them in a dispositive motion." Courts that permit the practice of raising affirmative defenses in summary-judgment motions without formal amendment of pleadings generally do so "in the absence of any showing of prejudice to the opposing party and assuming it has had an opportunity to respond." 5 Wright & Miller, *Federal Practice and Procedure* § 1278, at 673 (3d ed. 2004).

In this matter, Plaintiff certainly had the opportunity to respond to Defendant's fraud-based summary-judgment motion but, in doing so, elected to address only procedural matters. Specifically, Plaintiff argues that Defendant "failed to plead [fraud] at all, let alone with the particularity required by Fed. R. Civ. P. 9 . . . [and] it cannot be considered by this Court." Plaintiff thus envisions Rule 8 as a condition precedent to a dispositive motion. Plaintiff also indicates that

4

it "would be severely prejudiced if [Defendant] were allowed to raise this issue without pleading it first. . . . [Plaintiff] has had only a few weeks to investigate the nature of the facts, as asserted, which occurred over four years ago and involve former employees and former counsel." Defendant alleges that it did not discover the circumstances that it considers fraudulent until discovery commenced in this matter, well after it filed its answer. Without addressing whether a party may raise an affirmative defense for the first time in a dispositive motion and without addressing the merits of Defendant's motion, the Court finds that the risk of prejudice to Plaintiff warrants a denial of Defendant's motion at this time. As explained below, however, the Court will grant Defendant leave to amend its answer.

For the reasons set forth above, Defendant's motion for summary judgment is DENIED.

### B.  MOTION TO UNSEAL SEALED MOTION FOR SUMMARY JUDGMENT TO CANCEL PLAINTIFF'S 5 HOUR ENERGY TRADEMARK REGISTRATION ON THE BASIS OF FRAUD [DKT 37]

Defendant attached deposition-transcript excerpts of Plaintiff's former president, Thomas Morse, to its motion for summary judgment. Plaintiff had previously designated the entire transcript as "CONFIDENTIAL — ATTORNEY EYES ONLY" pursuant to a protective order to which the parties had stipulated. Accordingly, Defendant filed its motion for summary judgment under seal. Defendant now moves to unseal the summary-judgment motion because (1) the excerpts used from the Morse deposition included no sensitive or confidential information, (2) public disclosure of the excerpts will not harm Plaintiff, and (3) open court proceedings are a common-law right. Plaintiff contests Defendant's motion.

The protective order to which the parties stipulated indicates that when the parties dispute the confidentiality of any information, "the party asserting confidentiality shall have the burden of

proving the same."  In contravention of the protective order, however, Plaintiff seeks to place the burden on Defendant, arguing that "[Defendant] has failed to articulate a legitimate reason why the transcript designation should be modified."   Plaintiff acknowledges that "the specific lines referenced by [Defendant] do not in this isolated context involve matters that are highly proprietary." Plaintiff argues that "it will be easier for this Court to consider the arguments of counsel if the references to Mr. Morse's transcript are all submitted either under seal or not under seal."  The Court finds that Plaintiff has not met its burden of proving that the material contained in Defendant's motion is confidential.  *See, e.g.*, *Dura Global Techs., Inc. v. Magna Donnelly Corp.*, No. 07-10945, 2007 U.S. Dist. LEXIS 89650, at *16–17 (E.D. Mich. Dec. 6, 2007).  Further, "[i]t is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  Accordingly, Defendant's motion to unseal is GRANTED.

**C.    MOTION TO VOLUNTARILY DISMISS COUNT I OF ITS COMPLAINT WITH PREJUDICE [DKT 42]**

Count I of Plaintiff's complaint alleges federal trademark infringement under 15 U.S.C. § 1114, which prohibits individuals from using "any reproduction, counterfeit, copy, or colorable imitation of a *registered mark* in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive." (emphasis supplied).  Count II of the complaint alleges false designation of origin or sponsorship and false advertising under 15 U.S.C. § 1125(a), which is not restricted to registered marks.  After Defendant filed its sealed motion for summary judgment to cancel Plaintiff's 5 HOUR ENERGY Trademark Registration on the basis of fraud [dkt 36], Plaintiff filed a motion to voluntarily dismiss Count I of its complaint with prejudice.  Plaintiff

6

contends that dismissal of Count I "will simplify the issues of the case and avoid potential jury confusion." Plaintiff notes that, even if Defendant were to prevail on its fraud defense, only Count I would be dismissed because Count II does not require mark registration. Plaintiff thus argues that its voluntarily dismissal of Count I renders Defendant's motion for summary judgment and motion to amend moot. Plaintiff refers to the fraud issue as "a red herring that will only lead to a waste of resources and the Court's time."

Defendant argues that Plaintiff's motion is nothing more than an attempt to avoid a finding that Plaintiff fraudulently procured its trademark registration. Defendant contends that the Court "should not allow Plaintiff to avoid a judgment of fraud by voluntary dismissal, even with prejudice." Defendant notes that the question of fraud in this matter is relevant to Defendant's antitrust counterclaims. According to Defendant, dismissing Count I will not simplify the issues before the Court, nor will it conserve time or resources because, if the Court does not address the issue of fraudulent procurement before trial, "the jury will decide th[e] issue at trial." Defendant takes the position that it will be prejudiced if the Court dismisses Count I because it "will be important to [Defendant's] antitrust counterclaims regarding Plaintiff's improper assertion of that trademark . . . [and it] will convert an issue that is ripe for determination by the Court on summary judgment into a jury issue that will unnecessarily extend and complicate trial and increase the risk of jury confusion."

The Federal Rules of Civil Procedure provide that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The Court has discretion when deciding whether to grant a motion for voluntary dismissal. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Banque de Depots v.*

*Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974)).  Such dismissals are premised on court approval "to protect the nonmovant from unfair treatment."  *Id.*  It is the possibility of prejudice to the defendant, rather than the convenience of the court, that is to be considered in deciding a motion for dismissal under Rule 41(a)(2).  9 Wright & Miller, *Federal Practice and Procedure* § 2364, at 496 (3d ed. 2008).

In *Smoot v. Fox*, 340 F.2d 301 (6th Cir. 1964), the Sixth Circuit noted that the "[d]ismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties."  *Id.* at 303.  Therefore, the *Smoot* court determined that the trial-court judge abused his discretion in denying the plaintiff's motion for dismissal with prejudice.  Some courts have interpreted *Smoot* to mean that "where a plaintiff moves to voluntarily dismiss his case with prejudice, a court has no discretion and must grant the motion."  *York v. Ferris St. Univ.*, 36 F. Supp. 2d 976, 979 (W.D. Mich. 1998); *see also Bonin v. U-Haul Co. of Detroit*, No. 90-72719, 1990 U.S. Dist. LEXIS 19729, at *4 (E.D. Mich. Oct. 31, 1990) ("[W]here, as here, the Plaintiff seeks to dismiss a claim with prejudice, the Court has very little discretion to refuse to dismiss the claim.") (citing *Smoot*, 340 F.2d 301)).  In light of *Smoot*, the Court dismisses Count I of Plaintiff's complaint with prejudice.  For reasons set forth below, however, the Court will permit Defendant to amend its answer.

### D.     MOTION TO AMEND/CORRECT [DKT 46]

As an alternative to its motion for summary judgment, Defendant filed a motion to amend/correct its second amended answer.  Defendant avers that on March 31, 2009, during the deposition of Plaintiff's former President, Defendant learned that Plaintiff fraudulently procured its trademark, which is now registered on the Supplemental Register.  Defendant would like to amend

its answer to reflect an affirmative defense of fraud, to incorporate fraud as an element of the anticompetitve acts detailed in the complaint, and to add a counterclaim for the cancellation of Plaintiff's trademark.  Defendant notes that it acted promptly upon discovery of the alleged fraud, filing its summary-judgment motion on April 17, 2009, and the present motion to amend on May 22, 2009.

Plaintiff argues that Defendant's motion is futile in light of its motion to voluntarily dismiss Count I of Plaintiff's complaint.  Plaintiff further argues that any counterclaim relating to the alleged fraud would not survive a motion to dismiss because, by virtue of its voluntary dismissal, "the action will not be an 'action involving a registered mark.'"

Under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [for a party to amend its pleadings] when justice so requires."  The party requesting leave to amend must "act with due dilligence if it wants to take advantage of the Rule's liberality."  *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995).  Leave to amend need not be granted where the amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Fed. R. Civ. P. 41(a)(2) provides that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication."  In this matter, Defendant filed counterclaims against Plaintiff well before Plaintiff filed its motion for voluntary dismissal, which Defendant opposed.  Plaintiff acknowledges that "[i]t is indisputable that [Defendant]'s antitrust counterclaim proceeds independent of Count I" but alleges that the addition of fraud to Defendant's counterclaims would be futile.  Defendant responds that "[t]he issue is whether Plaintiff's repeated assertion of its fraudulent trademark as a sword to terrorize its

9

competitors to dominate the 2 ounce energy shot market is anti-competitive behavior for which Plaintiff's victims have a remedy." The Court finds that justice requires that Defendant be granted leave to amend its complaint to include its fraud-based arguments, which were discovered through the discovery process.

With respect to Defendant's motion as it relates to the addition of a counterclaim for the cancellation of Plaintiff's trademark registration, the Court also finds amendment appropriate. Pursuant to 15 U.S.C. § 1119, "[i]n any action involving a registered mark, the court may determine the right to registration [and] order the cancellation of registrations, in whole or in part." Although the Court is granting Plaintiff's motion to dismiss Count I with prejudice, Plaintiff "did not admit noninfringement." Under such circumstances, the Sixth Circuit has concluded that "the defendant is still entitled to attack the validity of the patent." *Lackner Co. v. Quehl Sign Co.*, 145 F.2d 932, 934 (6th Cir. 1944). The Court notes that, in addition to Defendant's counterclaims, Count II of Plaintiff's complaint remains; therefore, there exists a very genuine "case or controversy" between the parties. Plaintiff explicitly references its trademark in Count II of its complaint, and Defendant's counterclaims specifically mention Plaintiff's "wrongful attempts to enforce its trademark." Therefore, the Court finds that the present action "involves" a registered mark. Lastly, although Plaintiff's motion for voluntary dismissal preceded Defendant's motion, the Court finds that Plaintiff had constructive notice of Defendant's position by virtue of Defendant's motion for summary judgment to cancel Plaintiff's trademark.

For the reasons set forth above, Defendant's motion to amend/correct is GRANTED.

## V. CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's motion for attorney

substitution [dkt 17] and WITHDRAWS its Order to Show Cause [dkt 20].  In addition, IT IS HEREBY ORDERED that:

Defendant's sealed motion for summary judgment to cancel Plaintiff's 5 HOUR ENERGY Trademark Registration on the basis of fraud [dkt 36] is DENIED.

IT IS FURTHER ORDERED that Defendant's motion to unseal the sealed motion [dkt 37] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion to dismiss (voluntarily) Count I of its complaint with prejudice [dkt 42] is GRANTED.

IT IS FURTHER ORDERED that Defendant's motion to amend/correct amended answer to complaint [dkt 46] is GRANTED.  Defendant shall file an amended answer within thirty days of the entry of this Opinion and Order.

IT IS FURTHER ORDERED that Plaintiff's unopposed motion for leave to file surreply on motion for summary judgment [dkt 51] is GRANTED.

IT IS SO ORDERED.


S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  August 4, 2009

11

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 4, 2009.

S/Marie E. Verlinde
Case Manager
(810) 984-3290