**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**INNOVATION VENTURES, LLC
d/b/a LIVING ESSENTIALS,**
a Michigan limited liability company,

    *Plaintiff*,

vs.

**NVE, INC.,**
a New Jersey corporation,

    *Defendant*.

HONORABLE L<span style="font-variant:small-caps">awrence</span> P. Z<span style="font-variant:small-caps">atkoff</span>

CIVIL ACTION NO.  **08-11867**

| | |
|---|---|
| M<span style="font-variant:small-caps">ark</span> A. C<span style="font-variant:small-caps">antor</span>  (P32661)<br>M<span style="font-variant:small-caps">arc</span> L<span style="font-variant:small-caps">orelli</span>  (P63156)<br>P<span style="font-variant:small-caps">hyllis</span> G<span style="font-variant:small-caps">olden</span> M<span style="font-variant:small-caps">orey</span>  (P40765)<br>T<span style="font-variant:small-caps">homas</span> W. C<span style="font-variant:small-caps">unningham</span> (P57899)<br>B<span style="font-variant:small-caps">rian</span> C. D<span style="font-variant:small-caps">oughty</span>  (P71652)<br>**BROOKS KUSHMAN P.C.**<br>1000 Town Center — 22nd Floor<br>Southfield, Michigan 48075<br>Tel: (248) 358-4400 / Fax: (248) 358-3351<br><br>*Attorneys for Plaintiff* | R. T<span style="font-variant:small-caps">errance</span> R<span style="font-variant:small-caps">ader</span> (P28747)<br>L<span style="font-variant:small-caps">eigh</span> C. T<span style="font-variant:small-caps">aggart</span> (P63765)<br>D<span style="font-variant:small-caps">ouglas</span> P. L<span style="font-variant:small-caps">a</span>L<span style="font-variant:small-caps">one</span> (P45751)<br>**RADER, FISHMAN & GRAUER PLLC**<br>39533 Woodward Avenue, Suite 140<br>Bloomfield Hills, Michigan 48304<br>Tel: (248) 594-0600<br>Fax: (248) 594-0610<br><br>C<span style="font-variant:small-caps">harles</span> P. G<span style="font-variant:small-caps">uarino</span>, Of Counsel<br>**NICOLL, DAVIS & SPINELLA LLP**<br>95 Route 17 South, Suite 203<br>Paramus, New Jersey 07652<br>(201) 712-1616<br><br>*Attorneys for Defendant* |



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

# PLAINTIFF'S MOTION FOR RECONSIDERATION OR REHEARING PURSUANT TO L.R. 7.1(g)

Living Essentials moves this Court for reconsideration or rehearing pursuant to Local Rule 7.1(g). Specifically, the Court should reconsider its Opinion concerning Defendant's Motion To Amend/Correct (Dkt. #36) which appears on pages 8-10 of the Court Order issued as Dkt. #72.[1] There are two errors in the Court's Order that merit reconsideration. First, Defendant's amendment to seek an anti-trust violation is futile, as it would not withstand a motion to dismiss. The Court did not address the argument that the amendment would be futile. Second, the Court lacks jurisdiction over Defendant's Counterclaim for cancellation of U.S. Supplemental Registration No. 3,003,007. The Defendants mislead the Court in falsely asserting that this case, as presently postured, involves the cancellation of a registered trademark under 15 U.S.C. § 1119.

**I.   Defendants' Claim For An Anti-Trust Violation Based On A Trademark On The Supplemental Registry Is Futile**

Defendants have filed a motion to amend its counterclaims to assert, as an anti-trust violation, Plaintiff's acquisition of U.S. Supplemental Registration No. 3,003,007. Defendants did so for no other reason other than to attempt to keep its cancellation claim in the case once Plaintiff's moved to dismiss Count I with prejudice. Defendant's ill-founded amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Fraud in the procurement of a supplemental trademark registration <u>cannot</u> support an antitrust claim as a matter of law. NVE's amendment would not survive a motion to dismiss, and therefore, is futile. *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005).


**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

---

[1] At a recent hearing before Magistrate Judge Scheer, the parties discussed the present Motion For Reconsideration and Rehearing in relation to a discovery issue before the Court. Plaintiff Innovation Ventures identified August 18, 2009 as the date upon which such a motion was required to be filed with the Court without objection from NVE.

1

> Trademark rights are created by use, not registration.
>
> Unlike the registration of a patent, a trademark registration of itself does not create the underlying right to exclude. Nor is a trademark created by registration. While federal registration triggers certain substantive and procedural rights, the absence of federal registration does not unleash the mark to public use. The Lanham Act [§1125(a)] protects unregistered marks as does the common law.
>
> *San Juan Prods., Inc. v. San Juan Pools of Kansas, Inc.*, 849 F.2d 468, 474 (10th Cir. 1988).

For the alleged fraudulent registration issue to support an antitrust claim, NVE must demonstrate that an antitrust injury was caused by the **registration** – as opposed to the underlying trademark rights. *Gilbert/Robinson, Inc. v. Carrie Beverage-Missouri, Inc.*, 989 F.2d 985, 991-92 (8th Cir. 1993) (Defendant did not establish that injury was caused by fraudulent registration as opposed to underlying trademark rights.) NVE cannot establish that the registration caused injury as a matter of law. This is especially true given that No. 3,003,007 is a supplemental registration, in contrast to a principal registration, that confers no substantive rights.[2]

> It is overwhelmingly agreed that a supplemental registration is evidence of nothing more than the fact that the registration issued on the date printed thereon . . . it is entitled to no presumptions of validity, ownership or priority.
>
> *In re Federated Dept. Stores,* 3 USPQ2d 1541 (TTAB 1987).
>
> Supplemental registration is not *prima facie* evidence of anything except that the registration issued.
>
> *Copperweld Corp. v. Arcair Co.*, 200 USPQ 470 (TTAB 1978).



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel  (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

---

[2] The Supplemental Register was created to assist U.S. residents in obtaining foreign registration in countries that required domestic registration in your own country. THE TRADEMARK LAW REV. ACT. OF 1988 § 53 (1989).

Thus, fraud in the registration of a mark on the Supplemental Register cannot support an antitrust claim because it cannot cause injury as a matter of law. A leading trademark commentator is in agreement, any claim for damage or prejudice based on the procurement of a supplemental registration is a waste of resources given that registration itself provides no right to exclude:

> **It is difficult to understand why defendants in many trademark infringement suits expend so much time, effort and money in vigorously pursuing the claim that plaintiff's federal registration was obtained by fraud.** It has been held several times that even if defendant succeeds in proving that the plaintiff's registration was fraudulently obtained, plaintiff's common law rights in the mark continue unabated and are sufficient to require an injunction against an infringing defendant. In addition, plaintiff's separate federal rights in unregistered marks under Lanham Act § 43(a) continue unabated even if a registration is disregarded or cancelled.
>
> MCCARTHY ON TRADEMARKS, § 31:60.

Thus, even if the registration was procured by fraud, it would not support an antitrust claim. Thus, the proposed amendment adding fraud in the procurement of the registration on the supplemental register is futile. NVE does not cite to a single case which supports an antitrust claim based on the fraudulent procurement of a supplemental registration

## II.     The Court Lacks Jurisdiction Under 15 U.S.C. § 1119 For Cancellation of U.S. Supplemental Registration No. 3,003,007

As filed, the Plaintiff's Complaint included three Counts. Count I involved claims of trademark infringement of U.S. Supplemental Registration No. 3,003,007. Count II involved claims of infringement of the trademark 5-Hour ENERGY under 15 U.S.C. § 1125(a). Unlike Count I, Count II, based on § 1125(a), "protects qualifying **unregistered** trademarks . . ." *Two Pesos, Inc. v Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992)(emphasis added). Count III was based on common law trademark infringement. The Court ordered dismissal of Count III


**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

3

because it was duplicative of Count II – neither was based on a registered trademark. Plaintiff's recent motion to dismiss Count I was granted and Plaintiff agreed not to assert the registration against NVE. (Dkt. #72.) Only Count II directed to Plaintiff's **unregistered** rights in the trademark 5-Hour ENERGY remains in this case.

Defendant seeks to bring a claim for cancellation of U.S. Supplemental Registration No. 3,003,007. This registration, however, is no longer at issue in this case, as Count I was dismissed with prejudice based on the agreement not to enforce the registration. Jurisdiction for trademark cancellation is provided to district courts, but only under certain circumstances. 15 U.S.C. § 1119 states: "In any action involving a registered mark, the Court may determine the right to registration [and] order the cancellation of registration, in whole or in part." There are no claims in this lawsuit that concern a **registered mark**, and therefore, the Court lacks jurisdiction to hear Defendant's cancellation claim.

In the Court's Opinion and Order, the Court stated that this case involves a "registered mark" based on the counterclaims. (Dkt. #72, p. 10.) As explained above, the Court should deny Defendant's belated attempts to incorporate the "registered mark" in its counterclaims as futile. Defendant misled the Court by its unsupportable anti-trust claim based on the procurement of a supplemental registration hoping to confer jurisdiction on its cancellation claim. The Court also stated: "Plaintiff explicitly references its trademark in Count II of the complaint." (Dkt. #72, p. 10.) Count II is directed to infringement of an <u>unregistered</u> trademark – not a registered mark. These are the only bases upon which the Court concluded that the present lawsuit is an "action involving a registered mark." Plaintiff believes that this portion of the opinion is in error.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

4

Typically, an "action involving a registered mark" is one that includes a claim for registered trademark infringement under 15 U.S.C. § 1114, similar to Count I presented by Plaintiff. However, once Count I was dismissed with prejudice based upon the agreement not to enforce the registration, the Court no longer has jurisdiction over the registration. The Court drew an analogy to patent law prior to the advent of the Federal Circuit to confer jurisdiction. First, Federal Circuit law holds that dismissal of a patent infringement claim with prejudice based on an agreement not to enforce extinguishes any declaratory judgment jurisdiction. *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed. Cir. 1999). Second, unlike declaratory judgment jurisdiction, 15 U.S.C. § 1119 defines when a District Court may enter the province of the United States Trademark Office regarding cancellation of a registration. The Federal Circuit explained the circumstances where a district court has jurisdiction under § 1119 in *Windsurfing Int'l Inc. v. MAF Inc.*, 828 F.2d 755 (Fed. Cir. 1987). The Federal Circuit held that the district court lacked jurisdiction under 15 U.S.C. § 1119 to cancel a trademark registration after the claims regarding infringement of a registered mark were dismissed. *Id*. at 758-59. The Court explained: "'Involving' cannot mean the mere presence of a registered trademark, but must be read as involving the right to use the mark and thus the right to maintain the registration." *Id*. at 758. There is no such issue presently involved in this case. The Federal Circuit continued to explain instances where the district court has jurisdiction under 15 U.S.C. § 1119. The only instance discussed was a suit for infringement or a declaratory judgment of non-infringement for a registered mark.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

Since the present case involves no such claim for a "registered trademark," and Plaintiff has agreed not to enforce this supplemental registration against NVE, the Court lacks jurisdiction on this count.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

By:  /s/ Marc Lorelli
    Mark A. Cantor     (P32661)
    Marc Lorelli       (P63156)
    Phyllis Golden Morey  (P40765)
    Thomas W. Cunningham (P57899)
    Brian C. Doughty    (P71652)
    1000 Town Center, Twenty-Second Floor
    Southfield, Michigan  48075
    Tel:  (248) 358-4400; Fax: (248) 358-3351
    mcantor@brookskushman.com
    mlorelli@brookskushman.com

Dated: August 18, 2009     *Attorneys for Plaintiff*



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on August 18, 2009, I electronically filed the foregoing **PLAINTIFF'S MOTION FOR RECONSIDERATION OR REHEARING PURSUANT TO L.R. 7.1(g)** with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing: Mark A. Cantor, Thomas W. Cunningham, Brian C. Doughty, Douglas P. LaLone, Marc Lorelli, Phyllis G. Morey, R. Terrance Rader, Leigh C. Taggart.

I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System: None

**BROOKS KUSHMAN P.C.**

By: _/s/ Marc Lorelli_
    Mark A. Cantor    (P32661)
    Marc Lorelli    (P63156)
    Phyllis Golden Morey    (P40765)
    Thomas W. Cunningham (P57899)
    Brian C. Doughty    (P71652)
    1000 Town Center, Twenty-Second Floor
    Southfield, Michigan 48075
    Tel: (248) 358-4400; Fax: (248) 358-3351
    mlorelli@brookskushman.com

*Attorneys for Plaintiff*



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com