UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOVATION VENTURES, LLC
d/b/a LIVING ESSENTIALS,

       Plaintiff,

                              CASE NO. 08-11867
vs.                                 HON. LAWRENCE P. ZATKOFF

N.V.E., INC.,

       Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OR REHEARING PURSUANT TO L.R. 7.1(G)**

This matter comes before the Court on Plaintiff's motion for reconsideration or rehearing pursuant to L.R. 7.1(g) [dkt 75]. In its motion, Plaintiff challenges the Court's August 4, 2009, Opinion and Order [dkt 72], in which the Court granted Defendant's motion to amend/correct its amended answer to the complaint [dkt 46]. Pursuant to E.D. Mich. L.R. 7.1(g)(2), no response is permitted. The Court finds that the facts and legal arguments are adequately presented in Plaintiff's papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the brief submitted. For the reasons set forth below, Plaintiff's motion for reconsideration or rehearing pursuant to L.R. 7.1(g) [dkt 75] is DENIED.

Local Rule 7.1(g)(3) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(g)(3). The same subsection further states, "the movant must not only demonstrate a palpable defect by which the

court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.*  A defect is palpable when it is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997).

In its motion to amend/correct its second amended answer to the complaint, Defendant sought to amend its answer to reflect an affirmative defense of fraud, to incorporate fraud as an element of the anti-competitive acts detailed in the complaint, and to add a counterclaim for the cancellation of Plaintiff's trademark.  Plaintiff argued that (1) Defendant's motion was futile in light of its motion to voluntarily dismiss Count I of Plaintiff's complaint, and (2) any counterclaim relating to the alleged fraud would not survive a motion to dismiss because, by virtue of its voluntary dismissal, "the action will not be an 'action involving a registered mark.'"

The Court granted Defendant's motion to amend its answer to include its fraud-based arguments, pursuant to Fed. R. Civ. P. 15(a)(2), because Defendant acted with due diligence in making its request soon after evidence of fraud was produced through the discovery process.  The Court granted Defendant's motion to add a counterclaim for the cancellation of Plaintiff's trademark because (1) the Court has the power under 15 U.S.C. § 1119 to "determine the right to registration [and] order the cancellation of registrations, in whole or in part"; (2) *Lackner Co. v. Quehl Sign Co.*, 145 F.2d 932, 934 (6th Cir. 1944) permits a defendant to attack the validity of a patent; and (3) the present action "involves" a registered mark.

In its present motion, Plaintiff again contends that (1) Defendant's motion is futile in light of its motion to voluntarily dismiss Count I of Plaintiff's complaint, and (2) the Court lacks jurisdiction to order a cancellation of Plaintiff's trademark because it does not involve a registered

2

mark. The Court finds that whether Defendant's motion is futile and whether its counterclaim involves a registered mark are both issues that were ruled upon by the Court in its August 4, 2009, Opinion and Order [dkt 72]. The Court expressly ruled that the counterclaim involves a registered mark, and by granting Defendant's motion, the Court ruled by reasonable implication that Defendant's motion is not futile. Therefore, Plaintiff's motion for reconsideration or rehearing pursuant to L.R. 7.1(g) [dkt 75] is DENIED.

IT IS SO ORDERED.

                                      S/Lawrence P. Zatkoff
                                      LAWRENCE P. ZATKOFF
                                      UNITED STATES DISTRICT JUDGE

Dated:  December 21, 2009

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 21, 2009.

                                      S/Marie E. Verlinde
                                      Case Manager
                                      (810) 984-3290