UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOVATION VENTURES, LLC
d/b/a LIVING ESSENTIALS,

    Plaintiff,

vs.

CASE NO. 08-11867
HON. LAWRENCE P. ZATKOFF

N.V.E., INC.,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 12, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's motion for sanctions and to strike Plaintiff's motion for summary judgment [dkt 148] and Plaintiff's motions to file exhibits in the usual manner [dkts 134, 186, 201 and 206]. Plaintiff timely responded to Defendant's motion for sanctions and to strike Plaintiff's motion for summary judgment, but Defendant did not timely submit a reply brief. Defendant has not responded to Plaintiff's motions to file exhibits in the traditional manner. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the reasons set forth below, Defendant's motion for sanctions and to strike Plaintiff's motion for summary judgment [dkt 148] is DENIED, and Plaintiff's motions to file exhibits in the

traditional manner [dkts 134, 186, 201 and 206] are GRANTED.

## II. ANALYSIS

**A.     Motion for Sanctions**

Defendant requests that the Court sanction Plaintiff for failing to obey Magistrate Judge Scheer's order compelling Plaintiff to submit discovery responses within seven days of this Court's December 21, 2009, order denying Plaintiff's motion for reconsideration. Defendant filed its present motion on January 8, 2010, at which time Plaintiff had not produced the discovery subject to Judge Scheer's order. As a sanction for Plaintiff's alleged failure to comply with Judge Scheer's order, Defendant requests that the Court strike Plaintiff's motion for summary judgment filed on December 22, 2009, the dispositive motion deadline, which incorporated several articles of discovery that Judge Scheer ordered to be produced by December 28, 2009. Defendant also seeks monetary sanctions. Plaintiff responds that sanctions should not be imposed because Defendant acquiesced in Plaintiff's requests to extend the time in which to produce the discovery, and that Defendant's motion is improper for failure to comply with Local Rule 7.1(a), requiring the moving party to seek concurrence with the non-moving party.

Fed. R. Civ. P. 37(b)(2)(A) authorizes the Court to impose sanctions where a party fails to obey an order to provide or permit discovery. Under Local Rule 7.1(a), the moving party must attempt to seek concurrence with the non-moving party. If concurrence is not obtained, the motion or request must state:

> (A) there was a conference between attorneys or unrepresented parties in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought; or
>
> (B) despite reasonable efforts specified in the motion or request, the

movant was unable to conduct a conference.

Local Rule 7.1(a)(2)(A)-(B).

For the following reasons, the Court finds that Defendant has failed to demonstrate that sanctions should be imposed. First, Plaintiff has produced declarations from its counsel that Defendant's counsel acquiesced in Plaintiff's repeated requests for an extension to produce the discovery subject to Judge Scheer's order. Defendant has not rebutted the factual assertions in Plaintiff's response brief. According to Plaintiff, counsel for Plaintiff informed counsel for Defendant on numerous occasions that it was requesting an extension, spoke with counsel for Defendant regarding the extension over the phone, and mailed a letter to counsel for Defendant confirming that the discovery would be produced by January 13 or 14, 2010. At no time did counsel for Defendant indicate any disagreement. Furthermore, at a January 8, 2010, hearing before Judge Scheer, Judge Scheer asked the parties if they anticipated filing any more motions related to discovery, and counsel for Defendant stated that he did not know of any outstanding issues.

Second, the Court finds that Defendant has failed to comply with Local Rule 7.1(a) in filing its motion. On January 8, 2010, at 5:00 p.m., counsel for Defendant asked counsel for Plaintiff whether they would concur in the present motion to strike Plaintiff's motion for summary judgment. When asked about the basis for the motion, counsel for Defendant stated that it was based upon the outstanding discovery, but refused to provide further detail or allow counsel for Plaintiff to review the motion. Counsel for Plaintiff stated that she wished to review Judge Scheer's order, and that she would get back with counsel for Defendant after leaving her office to pick up her daughter. Three hours later, and without further contact, counsel for Defendant filed the present motion. Therefore, the Court finds that Defendant failed to make a reasonable attempt to obtain concurrence under

Local Rule 7.1(a).

B.      **File Exhibits in the Traditional Manner**

Plaintiff has filed four motions requesting permission to file exhibits in the traditional manner. Plaintiff asserts the exhibits include television commercials and are in DVD format, which cannot be authentically converted to electronic form for filing purposes. Accordingly, the Court grants Plaintiff's motions to file exhibits in the traditional manner [dkts 134, 186, 201 and 206]. *See* Local Rule 5.1.1 ("The court may excuse a party from electronic filing on motion for good cause shown.").

### III. CONCLUSION

For the reasons set forth above, Defendant's motion for sanctions and to strike Plaintiff's motion for summary judgment [dkt 148] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to file exhibits in the traditional manner [dkt 134] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion to file exhibits in the traditional manner [dkt 186] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion to file exhibits in the traditional manner [dkt 201] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion to file exhibits in the traditional manner [dkt 206] is GRANTED.

IT IS SO ORDERED.

        S/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: May 12, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 12, 2010.

        S/Marie E. Verlinde
        Case Manager
        (810) 984-3290