UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOVATION VENTURES, LLC,
d/b/a LIVING ESSENTIALS,
a Michigan limited liability company,

    Plaintiff/Counter-Defendant,    CIVIL ACTION NO. 08-11867

    v.    DISTRICT JUDGE LAWRENCE P. ZATKOFF

N.V.E., INC.,    MAGISTRATE JUDGE MARK A. RANDON
a New Jersey corporation,

    Defendant/Counter-Plaintiff.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT
NVE INCORPORATED'S MOTION FOR SANCTIONS (DKT. NO. 192)**

**I. RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff be ordered to pay Defendant its attorneys' fees and costs in the amount of **$28,941.55** as a sanction for its Rule 37 discovery violations.

**II. REPORT**

    **A. Introduction**

This case involves a trademark infringement dispute between two competing energy drink companies: Innovation Ventures, LLC, d/b/a Living Essentials ("Plaintiff"), maker of "5-hour ENERGY" and N.V.E., Incorporated ("Defendant"), maker of "6-hour POWER." On September 15, 2010, the Court dismissed all of Plaintiff's claims and Defendant's counter-claims, with prejudice, for reasons unrelated to the instant motion. (Dkt Nos. 240, 241)

Presently before the Court is Defendant's sealed motion for sanctions under Fed. R. Civ. P. 37. (Dkt. No. 192) The sealed motion (filed prior to the Court's dismissal of the entire case) requested an order to show cause why Count II of Plaintiff's complaint should not be dismissed as a sanction for its discovery abuses. At issue was Plaintiff's failure to produce requested deposition transcripts from other lawsuits to which Plaintiff was, or had been, a party. Plaintiff delayed production of the transcripts and/or produced them with unnecessary redactions. (Dkt. No. 234, Ex. B, p. 4 and Dkt. No. 229 Ex. B, p. 4) Consequently, Defendant now seeks its costs and attorneys' fees as monetary sanctions for Plaintiff's discovery violations.

**B. Proceedings before Magistrate Judge Scheer**

The instant motion was referred to Magistrate Judge Scheer pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. No. 215). Prior to his retirement, Magistrate Judge Scheer conducted a hearing on the motion and found, in part, as follows:

> "THE COURT: I am persuaded over the course of this hearing and several before it, that much of the transcripts evidence should have been produced in an unredacted or certainly far less redacted form.
>
> In the case that Mr LaLone cites as to the first factor involves willfulness, bad faith or fault. I think certainly fault can be assigned. I am reluctant in every case to conclude that willfulness or bad faith motivated an action. And I don't find that in this case either.
>
> But there's no doubt in my mind that substantial portions of those transcripts should have been produced earlier and more fulsome – in more fulsome form.
>
> Ultimately, my view of this is that if a sanction is appropriate, it should be a monetary sanction to offset the expense and effort that was required by NVE to *secure the information which now they have.*
>
> I am not going to recommend a dismissal. I am not going to recommend evidentiary sanctions. Evidence in the case should be

> controlled by the trial judge. Judge Zatkoff now has this information or you have it in a form that you can make use of it before the trial court on motions in limine or motions to strike. He is the ultimate authority in this case. And if something is not going to be utilized, I think Judge Zatkoff should make the decision.
>
> I'm going to take this matter under advisement. I'm going to direct Mr. LaLone that you produce time records to support any claim you wish to make as to *attorney fees and costs incurred in securing the information that is referred to in this motion.*

(Dkt. No. 229, Ex. B, p. 4) (Emphasis added).

Pursuant to Magistrate Judge Scheer's directive, Defendant's counsel submitted proof of its claimed attorneys' fees (Dkt. No. 229) incurred in connection with the filing of its motion to compel production of documents (Dkt. No. 119) *and* its subsequent motion for sanctions (Dkt. No. 192). Plaintiff filed a response to Defendant's requested attorneys' fees (Dkt. No. 231), to which Defendant replied. (Dkt. No. 234) On August 30, 2010, the case was reassigned from Magistrate Judge Scheer to the undersigned; a hearing was held on October 14, 2010.

Distilled to its essence, Plaintiff's response challenges Defendant's proposed attorneys' fees as exceeding Magistrate Judge Scheer's order that they be limited to those incurred *in securing the transcripts* and also as improperly including costs to review the transcripts after they were produced or made available for review. Plaintiff did not challenge the hourly rate of defense counsel as unreasonable. Plaintiff's challenges are well-taken.

**C. Analysis**

A district court has broad discretion with respect to the imposition of sanctions under Fed. R. Civ. P. 37. *Smith v. Botsford General Hospital*, 419 F.3d 513, 517 (6th Cir. 2005). To determine if requested fees are reasonable, the court may use the "lodestar" approach. *See Bodenhamer Dldg*.

*Corp. v. Architectural Research Corp.*, 989 F.2d 213, 221 (6th Cir. 1993) (the 'lodestar' approach involves consideration of the "suitability of number of hours expended and analysis of the hourly fee charged"). Courts need not "become enmeshed in a meticulous analysis of every detailed facet of the professional representation." *Bowne of New York City v. AmBase Corp.*, 161 F.R.D. 258, 267 (S.D.N.Y. 1995) (citation omitted). The undersigned finds the lodestar approach most useful in determining the reasonableness of the fees and costs request at issue.

After a careful review of the relevant pleadings, the proceedings before Magistrate Judge Sheer and the parties' submissions regarding Defendant's request for costs and attorneys' fees, the undersigned finds that: (1) sanctioning Plaintiff, under Fed. R. Civ. P. 37, for its discovery violations is appropriate and necessary, because Plaintiff had no legitimate reason to withhold the transcripts and/or produce them in a redacted form; and (2) the proper sanction should be limited to the assessment of only those costs and attorneys' fees reasonably incurred in securing the transcripts.

During a conference following the motion hearing, the parties agreed that Defendant's proffered billings include excludable attorneys' fees in the amount of $12,790.00 – which were directly related to time spent reviewing the transcripts produced by Plaintiff. The undersigned finds that time spent reviewing the withheld transcripts would have been necessary whether or not Plaintiff failed to produce them in a timely or unredacted manner and should be excluded. The undersigned further finds, giving the benefit of the doubt to Defendant in all indeterminable billings, that an additional sum of $30,360.00 was directly related to Defendant's post-production pursuit of dismissal sanctions (recommended to be denied by Magistrate Judge Scheer). The undersigned finds that inclusion of this sum would be inconsistent with the prior rulings of Magistrate Judge Scheer, excessive, and unnecessary to appropriately sanction Plaintiff for its discovery abuses. Therefore,

the undersigned recommends that these two amounts be deducted from Defendant's otherwise reasonable hours expended and billable rate calculation of $72,091.55 – for a monetary sanction amount of **$28,941.55.**

### D. Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that Plaintiff be ordered to pay Defendant its attorney fees and costs in the amount of **$28,941.55** as a sanction for its Rule 37 discovery violations. Further, in as much as Defendant's motion initially sought dismissal of Count II of Plaintiff's, that sanction request should be denied as moot, in light of the Court's subsequent dismissal of the case in its entirety.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless,

by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                          s/Mark A. Randon  
                                          MARK A. RANDON  
                                          UNITED STATES MAGISTRATE JUDGE

Dated: October 26, 2010

### CERTIFICATE OF SERVICE

*I hereby certify that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 26, 2010.*

                                          *s/Melody R. Miles*  
                                          *Case Manager to Magistrate Judge Mark A. Randon*  
                                          *(313) 234-5542*